# Knuckles Komosinski & Elliott LLP

565 Taxter Road, Suite 590 | Elmsford, New York 10523
Tel (914) 345-3020 | eFax (914) 992-9154 | www.kkelaw.com

Tony Padilla
(914) 345-3020, ext. 305
lossmitigation@kkelaw.com

Mark R. Knuckles
Richard F. Komosinski
Peter L. Elliott
Jordan J. Manfro**

Karen B. Olson*
Robert T. Yusko*
Michel Lee†
Stuart L. Kossar
John E. Brigandi*
Allison J. Marden
Sara A. Tilzer
Julie E. Iacobucci*
Kristina L. Mangino*
Adam P. Briskin
Heino J. Muller
Ashley L. Baelz*
Louis A. Levithan*
Brett M. Milchman
Justin P. Robinson

* ALSO ADMITTED IN NJ
** ALSO ADMITTED IN CT
† ALSO ADMITTED IN CT & NJ

New Jersey Office
50 Tice Boulevard, Suite 183
Woodcliff Lake, NJ 07677
Tel (201) 391-0370
eFax (201) 781-6744

Syracuse Office
126 N. Salina Street, Suite 320
Syracuse, NY 13202
Tel (315) 422-3030
Fax (315) 422-4554

December 14, 2015

**VIA ECF**

Honorable Robert D. Drain
US Bankruptcy Court
300 Quarropas Street
White Plains, NY 10601

      Re:    In re: Januz Hasanaj
                Case No: 15-22832-RDD

Dear Judge Drain:

      As you may recall, this office represents Emigrant Savings Bank, a secured creditor, in the above-referenced matter.

      Please allow this letter to serve as a Loss Mitigation update.

      On October 9, 2015, the office of the undersigned provided a detailed denial letter to Debtor's counsel. Despite having more than ample time, Debtor's counsel has not responded to the issuance of the denial letter.

      Pursuant to the Southern District Loss Mitigation Procedures, we cannot request termination of Loss Mitigation until this office has had a conference call with Debtor's counsel and inform that we will be seek to have Loss Mitigation terminated. On November 17, 2015, Tony Padilla, from this office, called Debtor's counsel and left a message with the receptionist. This office has also sent emails on November 19, 2015 and December 4, 2015 in an attempt to have a conference call with Debtor's counsel. To date, Debtor's counsel has yet to return our phone call or any emails.

      The office of the undersigned asks that a Loss Mitigation Status Hearing be scheduled, at which time, we will be asking that Loss Mitigation be terminated.

Knuckles Komosinski & Elliott LLP    565 Taxter Road, Suite 590, Elmsford, New York 10523    Page 2 of 2
Tel (914) 345-3020 | eFax (914) 992-9154 | www.kkelaw.com

If there are any questions or concerns, please do not hesitate to contact us.

Respectfully,

Knuckles, Komosinski & Elliott, LLP

Mark R. Knuckles, Esq.
Counsel for Emigrant Savings Bank

Enclosures

cc:   Francis J. O'Reilly, Esq. (via ECF)
      Mark S. Tulis, Esq. (via ECF)

# Luis Padilla

| | |
|---|---|
| **From:** | Luis Padilla |
| **Sent:** | Friday, December 04, 2015 9:12 AM |
| **To:** | 'Francis J. O'Reilly ESQ' |
| **Cc:** | 'tmanzo@mahopaclawyer.com' |
| **Subject:** | RE: In re: Januz Hasanaj, Case No.: 15-22832-RDD, File: 7431, Case: 7431-BCKY-LM |

Good Morning,

I am following up to my previous call to your office and my email dated November 19, 2015.

Please contact me to discuss this matter.

If you have any questions, please do not hesitate to contact this office.

Regards,

Knuckles, Komosinski & Elliott, LLP
Tony Padilla, Legal Assistant
565 Taxter Road, Suite 590 | Elmsford NY 10523
Phone (914) 345-3020 Ext. 305 | eFacsimile (914) 992-9154

To escalate a concern or a complaint, please email: info@kkelaw.com

---

This electronic transmission – including any attachments – contains attorney privileged and confidential information intended for the sole use of the recipient (s) named. Any unauthorized review, use, dissemination, disclosure, distribution or copying of this transmission by any other person is strictly prohibited. If you are not an intended recipient or if you have received this communication in error, please notify us by telephone (914 - 345-3020)

WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.

**From:** Luis Padilla
**Sent:** Thursday, November 19, 2015 5:02 PM
**To:** 'Francis J. O'Reilly ESQ'
**Cc:** 'tmanzo@mahopaclawyer.com'
**Subject:** RE: In re: Januz Hasanaj, Case No.: 15-22832-RDD, File: 7431, Case: 7431-BCKY-LM

Mr. O'Reilly,

I contacted your office earlier this week and left a message requesting a call back.

Can you please give me a call tomorrow afternoon?

If you have any questions, please do not hesitate to contact this office.

Regards,


**Knuckles, Komosinski & Elliott, LLP**
Tony Padilla, Legal Assistant
565 Taxter Road, Suite 590 | Elmsford NY 10523
Phone (914) 345-3020 Ext. 305 | eFacsimile (914) 992-9154

To escalate a concern or a complaint, please email: info@kkelaw.com

---

This electronic transmission – including any attachments – contains attorney privileged and confidential information intended for the sole use of the recipient (s) named.  Any unauthorized review, use, dissemination, disclosure, distribution or copying of this transmission by any other person is strictly prohibited.  If you are not an intended recipient or if you have received this communication in error, please notify us by telephone (914 - 345-3020)

WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.

**From:** Luis Padilla
**Sent:** Friday, October 09, 2015 3:53 PM
**To:** 'Francis J. O'Reilly ESQ'
**Cc:** tmanzo@mahopaclawyer.com
**Subject:** RE: In re: Januz Hasanaj, Case No.: 15-22832-RDD, File: 7431, Case: 7431-BCKY-LM

Good Afternoon,

Please see and review the attached correspondence issued by our client.

Unfortunately, your client's request for a loan modification has been denied.  Please note that while your client claims to receive approximately $10,747.00 per month, the documentation provided does not support this.  The profit & loss statement submitted by your client, for the period of 1/1/2015 through 8/31/2015, shows a profit of $24,000.  That's over an 8 month period, which comes to an average of $3,000 per month.  This is also the income your client listed on the Seterus financial form.  Additionally, the business bank statements provided for 06/2015, 07/2015 and 08/2015 show deposits (gross income) of $12,650, $23,993 and $0.00, respectively, with an ending balance of $532.98 (net income/profit) after all expenses were paid.

If you have any questions, please do not hesitate to contact this office.

Regards,


**Knuckles, Komosinski & Elliott, LLP**
Tony Padilla, Legal Assistant

565 Taxter Road, Suite 590 | Elmsford NY 10523
Phone (914) 345-3020 Ext. 305 | eFacsimile (914) 992-9154

To escalate a concern or a complaint, please email: info@kkelaw.com

---

This electronic transmission – including any attachments – contains attorney privileged and confidential information intended for the sole use of the recipient (s) named. Any unauthorized review, use, dissemination, disclosure, distribution or copying of this transmission by any other person is strictly prohibited. If you are not an intended recipient or if you have received this communication in error, please notify us by telephone (914 - 345-3020)

WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.

**From:** Francis J. O'Reilly ESQ [mailto:foreilly@bestweb.com]
**Sent:** Tuesday, October 06, 2015 12:08 PM
**To:** Luis Padilla
**Cc:** tmanzo@mahopaclawyer.com
**Subject:** RE: In re: Januz Hasanaj, Case No.: 15-22832-RDD, File: 7431, Case: 7431-BCKY-LM

Dear Mr. Padilla;

I have instructed my paralegal never to contact a represented party again.

I apologize for the improper contact.

Francis J. O'Reilly, Esq.

**From:** Luis Padilla [mailto:luisp@kkelaw.com]
**Sent:** Tuesday, October 06, 2015 10:41 AM
**To:** Trish Hughes-Manzo (TManzo@MahopacLawyer.com)
**Cc:** foreilly@bestweb.net; Mark Knuckles; foreilly@mahopaclawyer.com
**Subject:** In re: Januz Hasanaj, Case No.: 15-22832-RDD, File: 7431, Case: 7431-BCKY-LM

Good Morning,

Our office received the below correspondence.

Your office does not have authorization to communicate with our client directly. Please refrain from any further direct communications with our client.

Additionally, as indicated in my email dated October 5, 2015, attached for your reference, all documents and correspondence regarding loss mitigation on this matter should be submitted to me.

If you have any questions, please do not hesitate to contact this office.

Regards,

**Knuckles, Komosinski & Elliott, LLP**
Tony Padilla, Legal Assistant
565 Taxter Road, Suite 590 | Elmsford NY 10523
Phone (914) 345-3020 Ext. 305 | eFacsimile (914) 992-9154

To escalate a concern or a complaint, please email: info@kkelaw.com

---

This electronic transmission – including any attachments – contains attorney privileged and confidential information intended for the sole use of the recipient (s) named. Any unauthorized review, use, dissemination, disclosure, distribution or copying of this transmission by any other person is strictly prohibited. If you are not an intended recipient or if you have received this communication in error, please notify us by telephone (914 - 345-3020)

WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.

**From:** Trish Hughes-Manzo [mailto:TManzo@MahopacLawyer.com]
**Sent:** Tuesday, October 06, 2015 10:07 AM
**To:** Rivera-PerezM@emigrant.com; Mark Knuckles
**Cc:** 'Francis J. O'Reilly'; foreilly1@yahoo.com; foreilly@mahopaclawyer.com
**Subject:** Case No.:15-22832-RDD, File:7431, Case: 7431-BCKY-LM


Good Morning,

Attached, please find Request for Modification along with supporting documents.
Very truly yours,

**Trish Hughes-Manzo**
**Paralegal**
**Law Office of Francis J. O'Reilly**
**10 McMahon Place**
**Mahopac, New York 10541**
**(845) 621-1255 Office**
**(845) 621-1686 Facsimile**

NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

This message is intended only for the use of the individual or entity to which it is addressed, and contains information that is privileged, confidential, and may be exempt from disclosure under applicable law. If the reader of this message is not the intended, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. Nonetheless, the information contained herein is intended for the receiving party and the contents contained herein or in any attachment should be considered proprietary and confidential. If you have received this communication in error, please notify the sender immediately. Thank you





EQUAL HOUSING
LENDER

6 East 43rd Street, 10th Floor
New York, NY 10017
Toll Free: 866-987-4567
Fax: 212-850-3196
E-mail: LossMitigation@emigrant.com

October 9, 2015

Januz Hasanaj
c/o Francis J. O'Reilly
10 McMahon Place
Mahopac, NY 10541

Re:  Loan No:
     Borrower:               HASANAJ, Januz
     Property Address:       50 Cherry Street, Katonah, NY

Dear Mr. Hasanaj:

Emigrant has reviewed your *loss mitigation* application in connection with your loan. Since you indicated that you intend to retain the property, it is Emigrant's policy to review you for all home retention options. Below are the decisions rendered with respect to these options.

Traditional Forbearance/Repayment Agreement – You have been denied for this option due to insufficient income. This options requires you to make your regular monthly mortgage payment of $7,681.24 PLUS equal parts of your past-due amount, which over time would bring your loan current. The arrears on the loan as of October 1, 2015 were in excess of $1,029,000. The documents submitted in connection with your request suggest a monthly income of $6,000 and monthly expenses of $3,510. This would leave a balance of $2,490 available for the mortgage payment which is less than the regular monthly mortgage payment and therefore insufficient to bring the loan current within the maximum term of thirty-six (36) months.

Loan Modification – You have been denied for this option. Your loan is not eligible for modification under Emigrant's NPV loan modification program because the origination amount on this loan exceeds $750,000. The initial amount of this loan was $800,000. Because you were not eligible for this reason, you were not evaluated on other criteria.

For loans that are ineligible for modification under Emigrant's NPV loan modification program, Emigrant has a second loan modification program referred to as a Special Circumstances loan modification program. Briefly, if qualifying personal hardships (as defined by Emigrant's loan modification program) are found to have existed at the time of default, then a loan may be considered for modification even if ineligible under the NPV modification program. "Qualifying Personal Hardships" are defined as some form of personal hardship or crisis (other than a loss of a job or income) that contributed to or caused the default on your mortgage. A qualifying personal hardship could include an illness, disability, death in the family or other comparable circumstance or event impacting your ability to meet your mortgage obligation that caused or contributed to the default on your loan. In this case, there is no such qualifying personal hardship occurring on or about September 2008 which triggered the default. Furthermore, your income is insufficient to support the best modified payment available (*assuming you were found to be eligible for same*).

Emigrant's loan modification program requires that the modified payment amount (including the monthly obligation for taxes and insurance) NOT exceed 45% of your gross monthly income. If your income situation changed and Emigrant was asked to reconsider this denial, documentation verifying the existence of a qualifying personal hardship occurring in or about September 1, 2008 and verifying all claimed income will be required as listed on the attached *Required Documentation* page. In addition, the loan would be re-evaluated to determine whether your loan could pass Emigrant's NPV test.

In your case, Emigrant concluded that you could not afford a modified loan payment. This means that the most favorable loan modification terms allowed under Emigrant's loan modification program would still yield a regular monthly payment that would exceed 45% of the claimed gross monthly income. More specifically, the materials submitted by you in connection with this request claimed a monthly gross income of $6,000. The most favorable terms available under Emigrant's program, assuming you otherwise qualified for same, would have been as follows:

- your interest rate would have been remained 5.5% (*because it is already below the lowest interest rate permitted under Emigrant's loan modification policy of 6%*) and would continue to adjust in accordance with the terms of the Note;

- all default interest accrued, if any, would be waived if a modification was approved; and

- all past due sums on your loan would be payable in the form of a balloon payment (meaning the principal balance of your loan would remain unchanged).

A modified loan payment under Emigrant's loan modification program, if a modification was approved today based upon the above referenced most favorable terms available, would require a monthly payment of $8,124.28 (*inclusive of taxes and insurance*) beginning on 11/1/2015, which encompasses 135.4% of your claimed monthly gross income.

For these reasons, you could not qualify for a Special Circumstances loan modification.

## AVAILABLE LOSS MITIGATON OPTIONS

Emigrant would like to advise you that there are additional loss mitigation options which may be available to you. Available options are listed on the attached *Loss Mitigation Options* list. Below are the decisions rendered with respect to the remaining options.

<u>Short Sale</u> – You have been denied for this option because (1) your loan modification application suggests that you wish to retain the property; and (2) this option is only available prior to the entry of Final Judgment.

<u>Deed in Lieu of Foreclosure</u> - You have been denied for this option because (1) your loan modification application suggests that you wish to retain the property; and (2) title to the mortgaged property is not clear of liens and encumbrances.

<u>Forbearance to Sell</u> - You have been denied for this option because (1) your loan modification application suggests that you wish to retain the property; and (2) this option is only available when there is equity in the mortgaged property.

## RIGHT TO SEEK RECONSIDERATION OF THIS DECISION

You have the right to ask Emigrant to reconsider its decision to deny your loss mitigation request. Such requests are reviewed by Zhanna Kandel, First Vice President. If you disagree with this decision and wish to seek reconsideration, you **MUST** notify Emigrant of your request for reconsideration **IN WRITING** within 14 days after this notice.

Requests for reconsideration WILL NOT be taken by telephone. You may submit your request for reconsideration via e-mail to Ms. Kandel at LossMitigation@emigrant.com or in the form of a letter mailed to Ms. Kandel at 6 E. 43rd Street, 10th Floor, New York, NY 10017. Your letter or e-mail should set forth the reasons why you believe that the action taken by Emigrant was in error or mistaken.

**If you believe the loss mitigation request has been wrongly denied, you may file a complaint with the New York State Department of Financial Services at 1-800-342-3736 or www.dfs.ny.gov.**

You should consider contacting servicers of any other mortgage loans secured by the mortgaged premises to discuss all options made available by them as well.

If you wish to submit a Notice of Error or Request for Information, please forward same to Emigrant Mortgage Company, Inc., 6 East 43rd Street, 7th Floor, New York, NY 10017 Attn: Loan Servicing Department.

      You are encouraged to communicate with Emigrant's counsel, Knuckles, Komosinski & Elliott, LLP, 565 Taxter Road, Suite 590, Elmsford, NY 10523. Contact for Emigrant's counsel is Tony Padilla who can be reached by phone at (914) 945-3020, by fax at (914) 992-9154 or by e-mail at LossMitigation@kkelaw.com. However, if you believe that you must contact Emigrant directly, you may e-mail us at LossMitigation@emigrant.com. E-mail is the preferred method of communication. Alternatively, you may call (866) 987-4567.

Sincerely,

*Emigrant's Loss Mitigation Department*

Cc:    Januz Hasanaj via regular mail @
        50 Cherry Street, Katonah, NY 10536

# LOSS MITIGATION OPTIONS

The following loss mitigation options are offered by Emigrant and may be available to you. In order for Emigrant to determine which options you may qualify for, you must provide all the relevant documentation and information listed in the attached *Required Documentation* list.

## HOME RETENTION OPTIONS

<u>Traditional Forbearance/Repayment Agreement</u> – Allows you to avoid foreclosure (or put it on hold) by giving you time to catch up on late payments without having to come up with a lump sum payment. This option requires you to make your regular monthly mortgage payment PLUS part of your past-due amount, which over time would bring your loan current.

<u>Loan Modification</u> – Allows you to roll past due amounts into your loan and reset the payments over the remaining term of the loan. Additional considerations may include a possible rate reduction and balloon payment for arrears. Emigrant shall determine whether a loan is eligible for modification and shall approve or deny loan modification requests in accordance with its approved modification program at its sole discretion.

Without a **qualifying** hardship, a loan is **not** eligible for modification if any of the following exist:

- Loans with an original principal balance of $750,000 or more;
- The mortgaged property is not your primary place of residence;
- The ratio of your regular monthly payment to your gross monthly income (DTI) is 31% or lower;
- There is a second mortgage on your property (unless the holder of said mortgage agrees to re-subordinate their lien to a modification);
- You previously entered into a modification agreement and subsequently defaulted; or
- You have other assets or sources of income that could be used to meet your monthly mortgage obligation to Emigrant.

A **qualifying** hardship is defined as some form of personal hardship or crisis **other than a loss of a job or income** that contributed to or caused the default on your mortgage. A qualifying personal hardship could include an illness, disability, death in the family or other comparable circumstance or event impacting your ability to meet your mortgage obligation that caused or contributed to the default. Consideration of a Loan Modification for otherwise non-eligible loans, where a qualifying hardship is verified, is at Emigrant's discretion and subject to confirmation that the Borrower is not otherwise able to cure the arrears under an alternate home-retention option.

## NON-HOME RETENTION OPTIONS

<u>Short Sale</u> – *This option is only available prior to the entry of a Foreclosure Judgment.* A short sale is the sale of your property to an unrelated third party for less than the balance remaining on your mortgage loan without going through foreclosure. This requires that you vacate the property after sale and that you receive no monetary or other benefit from the sale. Additionally, should Emigrant, in its own discretion, decide to offer you a full waiver of deficiency, you must be willing to transfer title ownership of the property to Emigrant and vacate the property by the contract closing date rather than proceed with the short sale transaction. A short sale may also be subject to other terms and conditions approved by Emigrant, including some form of monetary contribution from you. A short sale can only be considered upon receipt of a fully executed Contract of Sale, a Preliminary HUD-1 Settlement Statement, and a recent appraisal of the mortgaged property.

<u>Deed in Lieu of Foreclosure</u> – With this option, you voluntarily vacate the property and transfer ownership to Emigrant to satisfy your debt without going through foreclosure. To be eligible for a Deed in Lieu, you must satisfy certain terms and conditions, which include vacating the property within an agreed period of time, providing clear and marketable title free of any liens and encumbrances and may include a requirement that you make some form of monetary contribution.

<u>Forbearance to Sell</u> – *This option is only available when there is equity in the property.* A forbearance to sell allows you to avoid foreclosure (or put it on hold) by giving you time to market and sell your property. As part of this option, you would be required to demonstrate that the property is listed for sale at market value and you would likely be asked to make some form of payment to Emigrant (amount determined by the circumstances of each individual case).

# REQUIRED DOCUMENTATION

Your financial situation, as well as the equity in the mortgaged property, will be evaluated in order to determine which loss mitigation options are available to you. In order to be considered, you must provide Emigrant with all relevant information and documentation noted below. *No proposal will be considered until all Required Documentation is received.*\*

### Required Documents for All Loss Mitigation Options
- Fully completed and signed Borrower Assistance Form (*attached*)
- Fully completed and signed IRS Form 4506-T (*attached*)
- Hardship letter explaining the reason for the default, along with supporting documentation
- Copy of Borrower's pay stubs for the past four (4) consecutive weeks
- Copy of Borrower's federal income tax returns, with all schedules and W-2 forms, for the past two (2) consecutive years
- Complete copy of statements for all accounts maintained by Borrower for the past two (2) consecutive months
- Copy of utility bill and telephone/cable/internet bills covering the past two (2) consecutive months

### Required If You Are Self-Employed
- Profit & Loss Statement for the past two (2) to three (3) months, at minimum
- Business bank statements for the past two (2) to three (3) months, at minimum, to verify the Profit & Loss Statement
- Business federal income tax returns with all schedules for the past two (2) consecutive years

### Required if there is Rental Income to be Considered
- Copy of Leases
- Bank statements must clearly identify deposits of rental income for the past two (2) consecutive months

### Required if Other Income is to be Considered
- Social Security and/or Retirement Benefit Statements
- Signed and notarized contribution letters setting forth the amount of the contribution being made
- Bank statements must clearly identify deposits of contributions for the past two (2) consecutive months

### If the mortgaged property is, or was, listed for sale:
- MLS Printout
- Broker Listing Agreement

### Required For All Options Except Traditional Forbearance/Repayment Agreement:
- A full, interior appraisal of the mortgaged premises, to be ordered by Emigrant. The cost of the appraisal shall be your responsibility, and payment arrangements should be made directly with the appraiser upon contact. An inspection appointment should immediately be scheduled to ensure that Emigrant can render a decision on the request within a reasonable period of time. If the property contains multiple units you must confirm that ALL units will be available for inspection. **You have a right under federal law to receive a copy of the appraisal report, which will be provided to you upon completion.**

### In addition to the above, the following documentation/information should be submitted:

### To be Evaluated for a Short Sale:
- Fully executed Contract of Sale, including all pages, addendums and riders
- Fully completed and signed/notarized Non-Home Retention Affidavit (*attached*)
- Preliminary HUD-1 Settlement Statement reflecting all expenses, subordinate liens and net proceeds to Emigrant
- Evidence of satisfaction of all contingencies in the Contract of Sale, including, but not limited to, the buyer's mortgage contingency

### To be Evaluated for a Deed In Lieu:
- Provide the approximate date you are willing and able to provide Emigrant broom clean and vacant possession of the mortgaged property
- If applicable, evidence of the release of all subordinate liens

---

*If you received a discharge in bankruptcy after Emigrant's loan was made and did not reaffirm the debt, the inclusion of any document regarding your income or assets in this list should not be construed as an attempt to collect such debt as your personal liability. If all borrowers on the loan have received a discharge in bankruptcy, this documentation is not required and will not be considered for non-home retention alternatives and only relevant information will be considered when determining your eligibility for a loan modification and forbearance option.*

# NON-HOME RETENTION BORROWER AFFIDAVIT

### If my loss mitigation request was in connection with a Short Sale, I certify that:

1. I will not remain in the property located at _____ after the date of closing;
2. I will not receive any monetary (or other) compensation that has not already been disclosed to Emigrant;
3. Prior to this transaction, I did not have a business or personal relationship with the buyer that has not already been disclosed to Emigrant.
4. If Emigrant offers to accept a Deed In Lieu of Foreclosure and waive any remaining deficiency, I will withdraw my short sale request, issue such Deed and vacate the property in vacant, broom swept condition, free of interior and exterior trash on or before the closing date set forth in the Contract of Sale submitted in connection with my short sale request.

### If my loss mitigation request was in connection with a Deed in Lieu of Foreclosure, I certify that:

1) I am willing and able to leave the property in vacant, broom swept condition, free of interior and exterior trash, by _____.
   *(Insert Vacate Date)*
2) Subordinate liens and encumbrances:
   a) Evidence of satisfaction/release of liens and encumbrances against my property is attached; or
   b) There are no liens and encumbrances against my property _____ _____.
   
   *(Initial Here)*

---

I certify that the above statements in connection with my loss mitigation request are truthful. I understand that Emigrant is relying on the representations made in this document and will use this information to evaluate my eligibility for the non-home retention loss mitigation options.

| _____ _____ | _____ _____ |
| --- | --- |
| **Borrower's Signature**      Date | **Co-Borrower's Signature**      Date |

Sworn to before me this
____ day of _____, _____

Sworn to before me this
____ day of _____, _____

_____
Notary Public

_____
Notary Public